## Case No. 6,092.

HARPER v. SMITH.

[1 Cranch, C. C. 495.] [1]

Circuit Court, District of Columbia. July Term, 1808.

ACTIONS ON BONDS — OBLIGOR AS WITNESS FOR SURETY—INSTRUCTIONS OF COURT—PLEADING AND PROOF—VARIANCE.

1. The principal obligor in a bond is a competent witness for the surety.
[Cited in Virginia v. Evans, Case No. 16,969; Piles v. Plum, Id. 11,165.]

2. The court will not give an instruction upon a point not material to the issue.

3. An averment that the usurious contract was made in November, is supported by evidence that it was made in September. The variance is not material.

Debt on a joint and several bond, executed by Douglas as principal, and Smith as surety. The action against each obligor was several.

Mr. Taylor, for defendant, offered Douglas as a witness in this action against Smith, and

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

cited Abrahams v. Bunn, 4 Burrows, 2251; Smith v. Prager, 7 Term R. 60; Jordaine v. Lashbrooke, Id. 601; Lockart v. Graham, 1 Strange, 35.

Mr. Swann, for plaintiff, objected, because he swears to discharge himself; for if Harper recovers against Smith, Smith may recover upon motion against Douglas, with the costs of this action.

E. J. Lee, in reply, cited Peake, L. E. 93, 128, 129; Carter v. Pearce, 1 Term R. 163; and Bent v. Baker, 3 Term R. 27.

THE COURT (nem. con.) admitted Mr. Douglas to be sworn.

The plea was usury, and Mr. Swann, for plaintiff, contended that the contract as laid in the plea being that J. & D. Douglas should give their bond, and the bond on oyer being a bond signed "J. & D. Douglas," with only one seal, and the names subscribed by James Douglas only, the evidence did not support the plea. The usurious contract must be strictly proved. Carlisle v. Trears, Cowp. 671.

THE COURT (DUCKETT, Circuit Judge, contra) refused to instruct the jury that the bond produced on oyer was not the bond of J. & D. Douglas, because they supposed the question not material to the issue. The averment in the plea was, in substance, that the bond in the declaration mentioned was executed in pursuance of the corrupt agreement, and the description of the bond, calling it the bond of J. & D. Douglas, was not necessary to be proved, the proof being that the bond in the declaration mentioned was given in execution of the corrupt agreement.

The allegation in the plea was, that the corrupt agreement was made on the —— day of November, and the evidence was, that the terms of the agreement were concluded in September.

THE COURT (nem. con.) said the variance was not material.